[No. 11402.  Department Two.  January 8, 1914.]

MATILDA RYDSTROM, *Respondent*, v. H. M. RYDSTROM, *Appellant*.[1]

APPEAL—REVIEW—FINDINGS.  Findings in a divorce case, granting a decree and making a division of the property will not be disturbed on appeal when justified by the evidence.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered January 16, 1913, upon findings in favor of the plaintiff, in an action for a divorce.  Affirmed.

*John I. O'Phelan*, for appellant.

*Fred M. Bond*, for respondent.

MOUNT, J.—Action for divorce.

In her complaint, the plaintiff alleged several grounds for divorce, one of which was cruelty.  Upon the trial of the case, the court found, "that the treatment of the plaintiff by defendant during the past two years has been practically inhuman, and amounting to cruelty . . . until it is absolutely impossible for the parties to live together any longer." Upon this ground, a divorce was granted to the plaintiff, and the property of the parties was divided between them. The defendant has appealed.

The appellant assigns several errors, but the principal contentions are that the evidence is insufficient to support a decree upon the ground of cruelty, and that there was an unequal and unjust division of the property.

Both of these positions depend entirely upon the facts in the case.  We have carefully examined the evidence, and have concluded that the superior court was justified in granting a decree of divorce upon the ground stated.  We are also of the opinion that the division of the property made by the court was substantially equal.  But whether it was equal or

[1]Reported in 137 Pac. 1198.

not, we are of the opinion that the respondent is entitled to the share of the property which was awarded to her. It is unnecessary to discuss the facts or the evidence of the witnesses upon which the findings of the court were based, because such a discussion would serve no useful purpose in its publication.

The judgment appealed from is affirmed.

CROW, C. J., PARKER, MORRIS, and FULLERTON, JJ., concur.